INDICTMENT AND INFORMATION (§ 87*)—FINDING OF INDICTMENT—DATE OF OFFENSE.

Where the record shows that the term of court at which an indictment was found and trial had thereunder began on April 1st and adjourned on June 29th, and that the trial and conviction were had on June 20th, and that on May 22d the grand jury in open court presented the indictment charging the offense on May 4th, the recital that the indictment was filed April 22d was a typographical or other error, and the indictment as a matter of fact was found and presented to the court subsequent to the date of the offense alleged therein, as required by White's Ann. Code Cr. Proc. arts. 433, 434.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 244–255; Dec. Dig. § 87.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Henry Fields was convicted of theft, and he appeals. Affirmed.

Ellis P. House, of Dallas, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. By proper indictment and under a correct charge appellant was convicted of the theft of a mule.

There is no bill of exceptions in the record. Neither is there any statement of facts. Nor is there any motion for a new trial. After this case was submitted, the appellant, through his attorney, filed a suggestion to the court that the indictment charges that the offense was committed on May 4, 1912, and claims that the indictment was filed in said court on April 22, 1912. Therefore the indictment charging offense, was committed after the indictment was filed, and it must necessarily result in the reversal of this case.

The record conclusively shows that the term of court at which this indictment was found and trial had convened on April 1, 1912, and adjourned on June 29, 1912. The trial and conviction were had on June 20, 1912. The record further conclusively shows that this order was entered at the very time the indictment was returned into court: "Wednesday, May 22, 1912. On this the 22d day of May, A. D. 1912, came the grand jury for the body of the county of Dallas, a quorum being present, and in open court presented, and delivered to the judge of the criminal district court of Dallas county, Texas, the following bills of indictments, indorsed 'A True Bill' and signed by their foreman, J. C. Rugel, to wit: The State of Texas, No. 11,467, v. Henry Fields, Theft of a Mule." Then follows a copy of this indictment in this case charging that the offense was committed on the 4th day of May, 1912. At the foot of the indictment it is shown in an attempted copy of the indorsement on the indictment, "Filed April 22, 1912." Taking the record as a whole, there can be no doubt but that this statement purporting to be a copy of what is indorsed on the indictment, showing it was filed April 22, 1912, is clearly a mistake and should have been, "Filed May 22, 1912." Therefore we conclude that as a matter of fact this indictment was found, presented to the court in open session on May 22, 1912, and was then filed, and not before then, and that the recitation that it was filed April 22d, instead of May 22d, is clearly a typographical or other error. C. C. P. arts. 433, 434, and cases noted thereunder in White's annotation.

Therefore, there being no error assigned and none appearing, the judgment will be affirmed.

---

## CHESTER v. STATE.

(Court of Criminal Appeals of Texas. Dec. 11, 1912.)

CRIMINAL LAW (§ 1097*)—APPEAL—NECESSITY OF STATEMENT OF FACTS.

Questions attempted to be raised by motion for new trial cannot be considered without a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

Appeal from Criminal District Court, Dallas County; Robt. B. Seay, Judge.

Roy Chester was convicted of burglary, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

PRENDERGAST, J. The appellant was indicted by proper indictment for burglary, and under a correct charge was convicted.

There is neither bills of exceptions nor statement of facts. The questions attempted to be raised by the motion for new trial cannot be considered without a statement of facts.

The judgment is therefore affirmed.